UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIAN HUI LIN *a/k/a Danny Lin, on behalf of himself and others similarly situated*,

                  Plaintiff,

-against-

JOE JAPANESE BUFFET RESTAURANT INC. *d/b/a Fuji Japanese Cuisine, et al.*,

                  Defendants.
------------------------------------------------------------X

**ORDER**
17 CV 3435 (WFK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On June 7, 2017, plaintiff Jian Hui Lin, a/k/a Danny Lin, commenced this collective action on behalf of himself and others similarly situated against Joe Japanese Buffet Restaurant, Inc. d/b/a Fuji Japanese Cuisine, Fuji Japanese Cuisine Inc. d/b/a Fuji Japanese Cuisine, Roka Japanese Food Inc. d/b/a Tomo Japanese Cuisine (Elmhurst), Tomo Japanese Café, Inc. d/b/a Tomo Japanese Cuisine (Elmhurst), Cherry Blossom Buffet Inc. d/b/a Tomo Japanese Cuisine (Jackson Heights), Sunrise Japanese Food Inc. d/b/a Tomo Japanese Cuisine (Jackson Heights), Tomo Japanese Cuisine Inc. d/b/a Tomo Japanese Cuisine (Jackson Heights), and a number of individual defendants, including Dian Cai Zhou a/k/a Larry Zhou, Zhao Lin Chen, Huicha Li, Young Pu Liu, Feng Qin Li, Mei Lin, Xin Lin, and a John Doe, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law §§ 650 et seq. ("NYLL") and its implementing New York Codes, Rules, and Regulations ("NYCRR").

Currently pending before this Court on referral from the Honorable William F. Kuntz, United States District Judge, is plaintiffs' application for attorney's fees and costs. (See Dec. &

1

Ord.[1] at 94). For the reasons set forth below, it is respectfully recommended that plaintiffs be awarded $67,265.55 in attorney's fees and $400 in costs for services rendered in connection with this case.

PROCEDURAL HISTORY

Following the filing of the Complaint, defendants Zhao Lin Chen and Joe Japanese Restaurant Inc. filed an Answer on August 31, 2017; defendants Mei Lin and Roka Japanese Food Inc. filed their Answer on October 13, 2017.[2] (ECF Nos. 27, 35). On December 12, 2017, the Court certified the case as an FLSA Collective Action and notice was thereafter sent to the potential collective action opt-ins. (See Electronic Order, dated Dec. 12, 2017). Ying Chen, Ya Jian Chen, and Jia Chen filed consents to join the action as plaintiffs. (See ECF Nos. 55, 56, 58).

The district court held a bench trial beginning Monday, July 19, 2021, and continuing until Wednesday, July 21, 2021. The court issued its Decision and Order on December 7, 2021, finding that defendants Fuji Japanese Cuisine Inc., Joe Japanese Buffet Restaurant, Inc., Zhao Lin Chen, and Larry Zhou were, or functioned as, plaintiffs' employers from on or about December 2014. (Dec. & Ord. at 13-14). The court further found that the record evidence failed

---

[1] Citations to "Dec. & Ord." refer to Judge Kuntz's Decision and Order, rendered after a bench trial and filed on December 7, 2021, ECF No. 91.

[2] Defendants Huicha Li, Young Pu Liu, Feng Qing Li, and Xin Li did not answer the Complaint. The "John Doe" defendant was never further identified and also did not appear. As of the date of the district court's Decision and Order, none of these defendants had appeared in the action, nor did they participate in the bench trial. (Dec. & Ord. at 4). Judge Kuntz noted in his Decision that plaintiffs never moved for default judgment and that a certificate of default had not been entered in the case. (Id.) On December 21, 2021, following the issuance of the district court's Decision and Order, plaintiffs moved for a Certificate of Default. (See ECF No. 93). Counsel for defendant Zhao Lin Chen objected to the entry of a default against his client, noting that Zhao Lin Chen had appeared in the action and actually participated in the bench trial. (See ECF No. 97). It appears that plaintiffs do not actually request entry of default against Zhao Lin Chen, as the certificate of default only requests default against Fuji Japanese Cuisine Inc., Cherry Blossom Buffet Inc., Tomo Japanese Cuisine Inc., Sunrise Japanese Food Inc, Tomo Japanese Café, Inc., Huicha Li, Young Pu Liu, Feng Qing Li, and Xin Li. (See ECF No. 93 at 4). The Court notes that the district court entered judgment against Fuji Japanese Cuisine, Inc. in its Decision and Order. (See Dec. & Ord. at 20).

to support a finding that defendant Mei Lin or the other corporate entities, Tomo Café and Tomo Cuisine, were employers for purposes of establishing liability under the FLSA. (Id. at 14). The court further concluded that plaintiffs Jia Chen, Ya Jian Chen, and Ying Chen were paid below the federal minimum wage, were not paid for meal breaks or rest breaks, and were owed overtime compensation under the FLSA. (Id. at 16-17). The court also found that defendants were liable under the NYLL for state law minimum wage and overtime violations. (Id. at 17-18). Finally, the court found in favor of plaintiffs on their claims that they had not been provided with proper wage notices or wage statements under NYLL § 195(1)(a) and 195(3). (Id. at 18).

The court then assessed damages for each plaintiff in the following amounts: $344,558.68 owed to Jian Hui Lin a/k/a Danny Lin; $81,457.00 owed to Jia Chen; $108,736.85 owed to Ya Jian Chen; and $164,525.51 owed to Yin Chen. (Id. at 19). At the conclusion of his Decision and Order, the court referred the issue of attorney's fees to the undersigned in the event that plaintiffs' counsel decided to move for fees. (Id. at 19-20).

On December 21, 2021, plaintiffs filed their motion for attorney's fees and costs, seeking to recover $101,061.83 in total fees, representing 239.95 hours of time expended by John Troy, Esq., a partner in the firm of Troy Law, PLLC (the "Firm"), along with two senior associates and two junior associates of the Firm, as well as a Managing Clerk and a paralegal. (Troy Decl.[3] ¶¶ 77, 79). Plaintiffs also seek reimbursement for costs in the amount of $10,418.18 for a total of $111,480.01. (Id. ¶¶ 78-79). Having reviewed plaintiffs' submissions, the Court respectfully recommends that plaintiffs be awarded $67,265.55 in attorney's fees and $400 in costs.

---

[3] Citations to "Troy Decl." refer to the Declaration of John Troy in Support of Plaintiffs' Motion for Attorney's Fees and Costs, dated Dec. 21, 2021, ECF No. 95.

3

DISCUSSION

### A. Prevailing Party

The FLSA is a fee shifting statute and the Court "must" award a reasonable attorney's fee to a prevailing party in an FLSA action. Khalil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) (citing 29 U.S.C. § 216(b), which provides that the court in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" (emphasis added)); see, e.g., Torres v. Gristede's Operating Corp., No. 04 CV 3316, 2012 WL 3878144, at *1 (S.D.N.Y. Aug. 6, 2012) (noting that a plaintiff is "entitled" to recover attorney's fees and costs), aff'd, 519 Fed. App'x 1, 3 (2d Cir. 2013). Similarly, the NYLL provides for an award of reasonable attorney's fees when the employee prevails on a wage claim. N.Y. Lab. Law § 663(1). Section 663 provides that successful employees are entitled to:

> recover in a civil action the amount of any such underpayments, together with costs[,] all reasonable attorney's fees [and] prejudgment interest as required under the civil practice law and rules . . . .

Id.

Plaintiffs are considered prevailing parties under the FLSA and NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Khalil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d at 474 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see Koster v. Perales, 903 F.2d 131, 134 (2d Cir. 1990) (holding that "[a] plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint").

In this case, plaintiffs prevailed after a bench trial before the district court, establishing that defendants Fuji Japanese Cuisine Inc., Joe Japanese Buffet Restaurant Inc., Zhao Lin Chen,

4

and Larry Zhou were employers under the FLSA and NYLL; that they had failed to pay plaintiffs proper minimum wages and overtime under both statutes; that they had failed to provide plaintiffs with proper wage notices and wage statements; and that plaintiffs were owed a total of $699,278.04 in damages. (See Dec. & Ord. at 19-20). Thus, plaintiffs are "prevailing parties" under the statute.

### B. Calculation of Reasonable Attorney's Fees

#### 1) Legal Standard

"The district court retains discretion to determine . . . what constitutes a reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)). "The traditional starting point for determining a reasonable attorneys' fee award is the 'lodestar' amount, which results in a presumptively reasonable fee." Dunn v. Advanced Credit Recovery, Inc., No. 11 CV 4023, 2012 WL 676350, at *5 (S.D.N.Y. Mar. 1, 2012) (citing Perdue v. Kenny A., 559 U.S. 542, 551-52 (2010)), report & recommendation adopted, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012); see also Millea v. Metro-North R.R. Co., 658 F.3d at 166-67 (explaining that it is legal error to fail to calculate the lodestar "as a starting point"); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008).

To determine the lodestar amount, a court must determine "the number of hours reasonably expended on the litigation" and multiply that number "by a reasonable hourly rate." Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *2 (E.D.N.Y. March 19, 2013), report & recommendation adopted, 2013 WL 1622713 (April 15, 2013); see also Adusumelli v. Steiner, Nos. 08 CV 6932, 09 CV 4902, 10 CV 4549, 2013 WL 1285260, at *2 (S.D.N.Y. March 28, 2013) (explaining that "[c]ourts in the Second Circuit use

the familiar 'lodestar' method of calculating reasonable attorney's fees – multiplying the number of hours reasonably expended by a reasonable hourly rate" (citing Millea v. Metro-North R.R., Co., 658 F.3d at 166)); Dunn v. Advanced Credit Recovery, Inc., 2012 WL 676350, at *5.

Although the lodestar approach results in a "presumptively reasonable fee," "it is not 'conclusive in all circumstances.'" Millea v. Metro-North R.R. Co., 658 F.3d at 167 (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 183, and Perdue v. Kenny A., 559 U.S. at 553). Rather, in "rare circumstances," a court may adjust the lodestar "when [the lodestar method] 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" Id. (quoting Perdue v. Kenny A., 559 U.S. at 554); see also Adusumelli v. Steiner, 2013 WL 1285260, at *2. In other words, "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so effectively double-counts those factors." Millea v. Metro-North R.R. Co., 658 F.3d at 167. As the court explained in Dunn v. Advanced Credit Recovery, Inc., a court should "first use[] the lodestar method to determine the amount of attorneys' fees and then, if necessary, adjust[] the resulting figure using the [Johnson v. Georgia Highway Express, Inc.][4] factors." 2012 WL 676350, at *5, n.6.

---

[4] The Johnson factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

6

The burden is on the party moving for attorney's fees to justify the hourly rates sought. See Hensley v. Eckerhart, 461 U.S. at 437. To assist the court in determining the proper fee, "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *14 (E.D.N.Y. Sept. 1, 2015), report & recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged. See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (noting that "[a] district court's 'choice of rates [is] well within [its] discretion'" (quoting Cabrera v. Jakabovitz, 24 F.3d 372, 393 (2d Cir. 1994))), cert. denied, 513 U.S. 876 (1994).

Indeed, the Second Circuit has held that in calculating the presumptively reasonable fee, "courts 'should generally use the hourly rates employed in the district in which the reviewing court sits.'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (holding that when awarding attorney's fees, there is a presumption in favor of relying on the rates where the case is litigated, not where the attorneys are located (citations omitted)).

2) Analysis

In this case, plaintiffs are represented by the firm of Troy Law, PLLC, with offices in Flushing, New York. In accordance with New York State Association for Retarded Children, Inc. v. Carey, the Firm submitted contemporaneous billing records, setting forth the dates and amount of time during which services were rendered, the rate at which the services were

7

charged, along with the name of the attorney and a description of services performed. 711 F.2d 1136, 1148 (2d Cir. 1983); (see Bill. Recs.[5]).

Plaintiffs seek attorney's fees in the amount of $34,511.11 for the services performed by John Troy, the principal of the Firm with over 32 years of practice in state and federal court litigation, with a primary focus on wage and hour litigation and the "largest firm in case load for the Chinese-American immigrant community." (Troy Decl. ¶¶ 15-17). According to Mr. Troy's Declaration, he is the attorney of record for 166 wage and hour cases in the Eastern District of New York, 168 wage and hour cases in the Southern District of New York, 40 cases in other federal district courts throughout the country, and 51 cases before New York State courts. (Id. ¶¶ 18-22). Mr. Troy further indicates that he has written extensively on the FLSA and NYLL, and was invited to teach at a 2017 wage and hour seminar for the Public Law Institute. (Id. ¶¶ 23-24). He claims that he has previously been awarded fees at the rate of $450 per hour in a prior Eastern District of New York case, see Ling Chen v. Asian Terrace Restaurant, Inc., 507 F. Supp. 3d 430, 435 (E.D.N.Y. 2020), and $550 per hour in a case pending in the Southern District of New York as well as other districts. (See Troy Decl. ¶ 27 (collecting cases)). In this case, Mr. Troy seeks an hourly rate of $650.00 per hour. (Id. ¶ 28).

Plaintiffs also request attorney's fees for Aaron Schweitzer, Esq., the managing associate of the Firm, who graduated from Fordham Law School in 2016, and joined the New Jersey Bar in 2017 and the New York Bar in 2018. (Id. ¶¶ 30-31). Mr. Schweitzer has litigated over 188 wage and hour cases since joining the Firm in November 2017 and was the lead counsel in this case. (Troy Decl. ¶ 33). He was awarded fees at a rate of $300 per hour in Ling Chen v. Asian Terrace Restaurant, Inc., 507 F. Supp. 3d at 435, and $350 per hour in a number of cases litigated

---

[5] Citations to "Bill. Recs." refer to the Billing Records submitted as an attachment to the Troy Declaration, filed Dec. 21, 2021, ECF No. 95-1.

in the Southern District of New York. (Troy Decl. ¶¶ 42-43 (collecting cases)). Plaintiffs are seeking an award of fees for Mr. Schweitzer's time at the rate of $400 per hour. (Id. ¶ 44).

George Byun, a/k/a Kibun Byun, Esq., also a managing associate at the Firm, is a 2015 graduate of Cardozo School of Law, admitted to practice in New York in 2015. (Id. ¶ 45). During his time at the Firm, Mr. Bynum has litigated approximately 100 wage and hour cases in federal court. (Id.) Plaintiffs seek fees for Mr. Byun's work on this matter at the rate of $350 per hour. (Id. ¶ 48).

Plaintiffs also seek fees for the services of two associates – Shuyang Xie, Esq., a May 2017 law graduate, and Tiffany Troy, Esq., who holds a J.D. from Fordham University School of Law. (Id. ¶¶ 49-50, 55-56). Plaintiffs ask that both Ms. Xie's and Ms. Troy's services be compensated at the rate of $200 per hour. (Id. ¶¶ 64, 77).[6] Finally, plaintiffs ask that Bella Yingchu Ho, and Preethi Kilaru, legal assistants who performed services in connection with this matter, be compensated at the rate of $150 per hour, and $200 per hour, respectively. (Id. ¶¶ 65, 69, 74, 76). Fees are also sought for Bingyu Huang, at the rate of $150 per hour, although it is unclear what types of services she rendered. (Id. ¶¶ 70-73).

### a) Reasonable Fee Rates

Based on the Court's knowledge of the rates generally charged for this type of work, the Court finds that the rates of $650.00 per hour for Mr. Troy, $400.00 for Mr. Schweitzer, and $350.00 for Mr. Byun are at the high end of the range of billing rates of similarly experienced attorneys working on comparable matters in the Eastern District. See, e.g., Ling Chen v. Asian Terrace Rest., Inc., 507 F. Supp. 3d at 435 (awarding $450 per hour to Mr. Troy and $300 to Mr.

---

[6] The Court notes that plaintiff's request for fees as to Ms. Xie are inconsistent—the Troy Declaration first requests an hourly rate of $250 per hour, but then summarizes by requesting $200 per hour. (Compare Troy Decl. ¶ 54 with id. ¶ 77). The Court will consider the final, summarized request of $200 per hour as plaintiff's requested rate for Ms. Xie.

9

Schweitzer in FLSA action); Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020) (noting that "Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates," and collecting cases); Sajvin v. Singh Farm Corp., No. 17 CV 4032, 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (awarding $500 per hour to partner in FLSA case); Gutman v. Klein, No. 03 CV 1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009) (stating that rates between $300 and $400 for partners are within the reasonable range in the Eastern District of New York).

In support of plaintiff's requested rates for Mr. Troy, counsel cites a number of cases from the Southern District of New York where the court found the rate of $450 per hour for a partner to be reasonable (Pls.' Mem.[7] (citing, among others, Pastor v. ABC Metro Cleaners, Inc., No. 18 CV 6089, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018), and Sanchez v. I&A Rest. Corp., No. 14 CV 0726, 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017))), and one case from the Eastern District of New York, where the Court awarded experienced counsel fees at the rate of $500 per hour, noting that the passage of time warranted an increase in the standard hourly rate from $450, which "has been the upper limit in this District since at least 2013." (Id. (citing Sajvin v. Singh Farm Corp., 2018 WL 4214335, at *9)).

However, nowhere in plaintiffs' submission does counsel cite any case in which he or anyone else in an FLSA action has been awarded fees at the requested rate of $650 per hour. Despite the hundreds of cases which he cites as having represented litigants in wage and hour cases, the highest fee rate he lists as an awarded amount was $550 per hour that he received in a Southern District of New York case. (Troy Decl. ¶ 27 (citing Lianhua Weng v. Kung Fu Little

---

[7] Citations to "Pls.' Mem." refer to plaintiffs' Memorandum of Law in Support of their Motion for Attorney's Fees and Costs, filed Dec. 21, 2021, ECF No. 96.

Steamed Buns, No. 17 CV 273, 2021 WL 2043399, at *2 (S.D.N.Y. May 21, 2021))).[8] The highest rate he has received in this district appears to be $450 an hour. (Id. ¶ 26 (citing Chen v. Asian Terrace Rest., Inc., 507 F. Supp. 3d at 435)). Based on a review of recent fee awards in the Eastern District of New York, the Court finds Mr. Troy's requested rate of $650 to be unsupported and higher than the rates commonly awarded to attorneys of his experience in FLSA cases. Accordingly, the Court respectfully recommends that Mr. Troy be compensated at the rate of $450.

The Court also finds the request for fees at the rate of $400 per hour for Mr. Schweitzer to be high in light of fees commonly awarded in this district. (See supra at 10 (noting that cases have approved awards for senior associates between $200 and $325)); see also Brummell v. K1 HVAC Inc., No. 19 CV 5488, 2021 WL 3888138, at *8 (E.D.N.Y. Aug. 13, 2021) (awarding associate with six years of experience a rate of $300 per hour), report & recommendation adopted, 2021 WL 3884194 (E.D.N.Y. Aug. 31, 2021). Indeed, in Mr. Troy's Declaration, he notes that Mr. Schweitzer "charges $350 per hour to his clients" in non-contingent fee structure matters, and he has been awarded fees at the same $350 an hour rate in several cases in the Southern District of New York. (Troy Decl. ¶¶ 36, 43). However, according to the Troy Declaration, the highest rate awarded Mr. Schweitzer in this district was the rate of $300 per hour awarded for his work in Chen v. Asian Terrace Restaurant, Inc., 507 F. Supp. 3d at 435. Based on a review of rates typically awarded in this district to associates of Mr. Schweitzer's experience in these types of matters, the Court finds the requested rate of $400 per hour – a rate

---

[8] The Court notes that, in Lianhua Weng v. Kung Fu Little Steamed Buns, the court awarded Mr. Troy $550 for "half the time and $300 per hour" for the other half of his time billed. 2021 WL 2043399, at *2. Further, the Court notes that Mr. Troy was recently awarded a rate of $325 per hour in a Southern District of New York case. See Lu Wan v. YWL USA Inc., No. 18 CV 10334, 2021 WL 1905036, at *8 (S.D.N.Y. May 12, 2021).

that is commonly awarded to partners with many years of experience – to be high. Accordingly, it is respectfully recommended that Mr. Schweitzer's time be compensated at the rate of $300 per hour.

Similarly, the rate of $350 per hour for Mr. Byun is high in light of fees commonly awarded for associates in this district. Atsas v. Law Off. of Alex Antzoulatos, No. 20 CV 3838, 2021 WL 4755703, at *12 (E.D.N.Y. Aug. 10, 2021) (awarding mid-level associate rate of $300 per hour), report & recommendation adopted, 2021 WL 3928951 (E.D.N.Y. Sept. 2, 2021); Diaz v. KC Plumbing, LLC, No. 19 CV 4321, 2021 WL 7500316, at *14 (E.D.N.Y. Mar. 1, 2021) (awarding senior associate rate of $295 per hour). Although Mr. Byun charges his clients $350 per hour (Troy Aff. ¶ 45), plaintiffs cite no cases setting forth a fee award for Mr. Byun that this Court could use as a comparison point. It is respectfully recommended that Mr. Byun's time be compensated at the rate of $300 per hour.

While the rates requested for the junior associates – Shuyang Xie and Tiffany Troy – are within the range of rates typically awarded for these types of cases within the Eastern District of New York, see, e.g., Guinea v. Garrido Food Corp., No. 19 CV 5860, 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (finding that associate rate of between $250 and $300 per hour is "reasonable and consistent with rates allowed in this district"); Burns v. Nurnberger Corp., No. 16 CV 6251, 2018 WL 5927575, at *12 (E.D.N.Y. Sept. 17, 2018) (awarding $215 to associate who had been practicing for 3 years), report & recommendation adopted sub nom. Burns v. Kelly Enterprises of Staten Island, LLC, 2018 WL 5928106 (E.D.N.Y. Nov. 13, 2018), the $200 per hour and $150 per hour rates requested for the legal assistants, Kilaru and Ho, are somewhat higher than typical for paralegals working on FLSA cases in this district. See, e.g., Cabrera v. Canela, No. 14 CV 4874, 2019 WL 5693739, at *2 (E.D.N.Y. June 20, 2019) (awarding $100 for

paralegals in FLSA case); Hernandez v. Delta Deli Market, No. 18 CV 0375, 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019) (same). The Court respectfully recommends that the legal assistants be compensated at the rate of $100 per hour, and further recommends that the junior associates, Shuyang Xie and Tiffany Troy, be awarded their requested rates of $200 each.[9]

### b) Number of Hours Billed

Turning to the number of hours billed, the total number of hours billed in this matter was 239.95 hours. (Troy Decl. ¶ 77). Courts in this circuit have approved fees where the attorneys billed over 100 hours in a FLSA and NYLL default cases. See Baltierra v. Advantage Pest Control Co., No. 14 CV 5917, 2015 WL 5474093, at *13 (S.D.N.Y. Sept. 18, 2015) (approving fees of $22,075 for 108.2 hours billed in an FLSA and NYLL default case with multiple plaintiffs). Here, counsel litigated the case through a bench trial, accumulating many more hours than would be typical in a case where the defendants defaulted.

In reviewing a fee application, the court "should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citing Hensley v. Eckerhart, 461 U.S. at 433-35, 440); see also Rotella v. Board of Educ., No. 01 CV 434, 2002 WL 59106, at *3-4 (E.D.N.Y. Jan. 17, 2002) (applying percentage reduction to fees of several attorneys for excessive and redundant billing); Quinn v. Nassau City Police Dep't, 75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing one attorney's fees by 20% and another's by 30% for unnecessary and redundant time); Perdue v. City Univ. of New York, 13 F. Supp. 2d 326, 346 (E.D.N.Y. 1998) (imposing a 20% reduction for redundancy); American Lung Ass'n v.

---

[9] As noted supra, the Troy Declaration also refers to Bingyu Huang and requests a rate of $150 per hour. (Troy Decl. ¶¶ 70-73). However, nowhere in plaintiff's papers does it state what type of services Ms. Huang rendered, nor is she included in the "Summary Table" of fee requests. (Id. ¶ 77). Indeed, Ms. Huang is not mentioned in the billing records either. (See Bill. Recs.). Without further information, the Court has not made a recommendation of fees for Ms. Huang.

13

Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (finding that "use of so many lawyers for relatively straightforward legal tasks was excessive and led to duplication of work" and deducting 40% of plaintiffs' lawyer's hours).

Similarly, courts routinely apply across-the-board reductions for vague entries. See, e.g., In re Olson, 884 F.2d 1415, 1428-30 (D.C. Cir. 1989) (reducing fees based on lack of specificity in description of work performed); DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing fee request by 40% for, inter alia, insufficient descriptions of work performed); Cabrera v. Fischler, 814 F. Supp. 269, 290 (E.D.N.Y. 1993) (reducing fees by 40% for vague entries with insufficient descriptions of work performed), aff'd in part, vacated in part, remanded sub nom. Cabrera v. Jakabovitz, 24 F.3d 372 (2d Cir. 1994); Nu-Life Constr. Corp. v. Board of Educ., 795 F. Supp. 602, 607-08 (E.D.N.Y. 1992) (reducing fees by 30% due in part to lack of specificity in descriptions of work performed); Meriwether v. Coughlin, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) (finding an overall reduction of 15% warranted based on vague descriptions of work performed).

Here, plaintiffs' records contain several entries by attorneys, such as Mr. Troy, that are "spent on administrative or non-compensable work, including clerical tasks, such as electronic filing, scanning, organizing files, communicating with process servers, and printing documents." Tenecora v. Ba-kal Rest. Corp., No. 18 CV 7311, 2020 WL 8771256, at *30 (E.D.N.Y. Nov. 30, 2020) (collecting cases), report & recommendation adopted in part, 2021 WL 424364 (E.D.N.Y. Feb. 8, 2021); see Cruz v. JJ's Asian Fusion Inc., No. 20 CV 5120, 2022 WL 687097, at *11 (E.D.N.Y. Jan. 11, 2022) (reducing hours for partner by 50% where partner billed for reviewing court notices, filed affidavits, filed notices, and performed other ministerial tasks), report & recommendation adopted, 2022 WL 577954 (E.D.N.Y. Feb. 25, 2022). Other entries are

14

duplicative or redundant, including multiple attorney entries for preparing interrogatories, requests for production, and initial disclosures, as well as duplicate attorney entries for drafting the request for certificates of default.  See Pocius v. Sec. Auto Sales Inc., No. 16 CV 400, 2018 WL 3999649, at *5 (E.D.N.Y. July 6, 2018) (reducing attorney's fees by 30% where billing entries "include either duplicative or plainly excessive time"), report & recommendation adopted, 2018 WL 3998965 (E.D.N.Y. Aug. 20, 2018); Katzenberg v. Lazzari, No. 04 CV 5100, 2007 WL 2973586, at *7 (E.D.N.Y. Oct. 9, 2007) (reducing attorney's fees where duplicative and redundant time after court reviewed entries); Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. 60, 64 (E.D.N.Y. 2003) (reducing attorney's fees by 10% where "overlap of efforts" and the court noted that "greater economy of time might have been used").

      Having reviewed the billing records submitted by counsel and being familiar with the proceedings to date, the Court finds that the number of hours charged in this matter should be reduced to account for duplicative and redundant time and for the work performed by partners and senior associates that could have been easily done by paralegals or junior associates.  Rather than reducing each specific entry to reflect administrative tasks or cutting duplicative entries, the Court respectfully recommends that the total number of hours be reduced by 10%, with the exception of travel time which is addressed below.  See Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. at 64 (reducing award by 10% where redundant entries and collecting cases); Levy v. Powell, No. 00 CV 4499, 2005 WL 1719972, at *8 (E.D.N.Y. July 22, 2005) (reducing one attorney's award by 10% where hours duplicative of attorney's work).

      Plaintiffs have also billed for attorney travel time from the Firm's office to mediation or the court, billing the time at their full hourly rate.  Courts in this Circuit award attorney hours spent on travel at "only 50 percent of the attorney's otherwise approved rate."  Ge Chun Wen v.

Hair Party 24 Hours Inc., No. 15 CV 10186, 2021 WL 3375615, at *23 (S.D.N.Y. May 17, 2021), report & recommendation adopted sub nom. Wen v. Hair Party 24 Hours Inc., 2021 WL 2767152 (S.D.N.Y. July 2, 2021); see Caltenco v. G.H. Food Inc., No. 16 CV. 1705, 2021 WL 4481205, at *11 (E.D.N.Y. Sept. 30, 2021) (awarding half-rate for travel time); Center for Popular Democracy v. Board of Governors of Fed. Rsrv. Sys., No. 16 CV 5829, 2021 WL 4452202, at *14 (E.D.N.Y. Sept. 29, 2021) (noting that recalculation of travel time hours to 50% rendered objections to travel time hours moot); Tenecora v. Ba-kal Rest. Corp., No. 18 CV 7311, 2020 WL 8771256, at *30 (E.D.N.Y. Nov. 30, 2020) (approving of attorney's 50% reduction in fees for travel time), report & recommendation adopted in part, 2021 WL 424364 (E.D.N.Y. Feb. 8, 2021). Given the caselaw in this district, the Court respectfully recommends that using the adjusted recommended fees rates, that the travel time be reduced by 50% to account for the plaintiff's use of full billing rates.

The Court therefore respectfully recommends that plaintiff's attorney's fees, absent travel hours, be calculated as set forth in the tables below.

| Individual | Total Fees Requested [10] | Hours Requested | Hours Requested (absent travel) | Hourly Rate Requested | Hourly Rate Recommended (absent travel) | Fees at Recommended Rate (absent travel) | Fees Reduced by 10% (absent travel) |
|---|---|---|---|---|---|---|---|
| John Troy | $34,612.50 | 53.25 | 53.25 | $650 | $450 | $23,962.50 | $21,566.25 |
| Aaron Schweitzer | $46,648.00 | 116.62 | 110.25 | $400 | $300 | $33,075.00 | $29,767.50 |
| George Byun | $14,948.50 | 42.71 | 41.71 | $350 | $300 | $12,513.00 | $11,261.70 |
| Tiffany Troy | $1,964.00 | 9.82 | 8.32 | $200 | $200 | $1,664.00 | $1,497.60 |
| Shuyang Xie | $750 | 3.75 | 3.75 | $200 | $200 | $750.00 | $675.00 |
| Preethi Kilaru | $1,076.00 | 5.38 | 5.38 | $200 | $100 | $538.00 | $484.20 |
| Bella Yingchu Ho | $1,263.00 | 8.42 | 8.42 | $150 | $100 | $842.00 | $757.80 |
| **TOTALS** | **$101,262.00** | **239.95** | **231.08** | | | **$73,344.50** | **$66,010.05** |

Further, the Court respectfully recommends that any requested attorney travel time be reduced by fifty percent as set forth in the table below.

| Individual | Hourly Rate Requested | Hourly Rate Recommended | Travel Rate | Travel Time | Total Amount |
|---|---|---|---|---|---|
| Aaron Schweitzer | $400 | $300 | $150 | 6.37 | $955.50 |
| George Byun | $350 | $300 | $150 | 1 | $150 |
| Tiffany Troy | $200 | $200 | $100 | 1.5 | $150 |

---

[10] The total amount requested in the Court's table differs from the total requested in the Troy Declaration because plaintiffs miscalculated the fee amounts requested for Mr. Troy and Mr. Byun. Plaintiffs' table stated that Mr. Troy's total fees should have been $34,511.11 (see Troy Decl. ¶ 77), however, when the Court multiplied the requested hours (53.25) by the requested rate ($650), the requested rate is actually $34,612.50. A similar miscalculation occurred with Mr. Byun's requested fees; 42.71 x $350 = $14,948.50, not $14,849.72. The Court will use its calculations.

17

Accordingly, based on the hourly rates recommended above, the hours billed on this matter, and the practice of reducing travel time by fifty percent, the Court respectfully recommends that plaintiffs be awarded a total of $67,265.55 in attorney's fees as set forth in the table below.

| Individual | Total Fees Requested | Total Fees Reduced by 10% | Total Fees (including travel) |
|---|---|---|---|
| John Troy | $34,612.50 | $21,566.25 | $21,566.25 |
| Aaron Schweitzer | $46,648.00 | $29,767.50 | $30,723.00 |
| George Byun | $14,948.50 | $11,261.70 | $11,411.70 |
| Tiffany Troy | $1,964.00 | $1,497.60 | $1,647.60 |
| Shuyang Xie | $750 | $675.00 | $675.00 |
| Preethi Kilaru | $1,076.00 | $484.20 | $484.20 |
| Bella Yingchu Ho | $1,263.00 | $757.80 | $757.80 |
| **TOTALS** | $101,262.00 | $66,010.05 | **$67,265.55** |

### C. Reasonable Costs

Plaintiffs also request $10,418.18 in costs and out of pocket expenses incurred in connection with this action. (Troy Decl. ¶ 78). According to the itemized list of expenses, plaintiffs seek $400 in filing fees, $1,876.18 in service of process fees, and $4.60 for printing and sending discovery demands. (Bill. Recs. at 10-11). In addition, plaintiffs seek $2,835.00 in Notice of Pendency Publication costs, $300 for a mediation fee, $1,100 for interpreter fees, and an additional $400 for trial interpretation. (Id.) Plaintiffs also have an entry of $1,401.80 for deposition transcripts for Zhao Lin Chen and Mei Lin, an additional $330.60 for Mei Lin's deposition transcript, the $27.50 for the service and handling of the various deposition transcripts, and $830.17 for the cost of Larry Dian Chi Zhou's deposition. (Id.) Finally,

18

plaintiffs seek reimbursement for the $912.33 spent on the court transcript fee for the trial transcript. (Id. at 11).

Courts routinely award costs for filing fees, service of process, legal research and postage. See Finkel v. Triple A Grp., Inc., 708 F. Supp. 2d 277, 290-91 (E.D.N.Y. 2010); see also Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005) (citing Kuzma v. Internal Revenue Serv., 821 F.2d 930, 933-34 (2d Cir. 1987) (explaining that "[i]dentifiable out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable . . . and are often distinguished from nonrecoverable routine office overhead, which must be absorbed within the attorney's hourly rate")). Courts also award costs related to deposition and trial transcripts as well as translator costs. See Caltenco v. G.H. Food Inc., 2021 WL 4481205, at *1; Alonso v. New Day Top Trading, Inc., No. 18 CV 4745, 2020 WL 9815184, at *26 (S.D.N.Y. June 29, 2020), report & recommendation adopted, 2021 WL 4691320 (S.D.N.Y. Oct. 7, 2021); Yuajian Lin v. La Vie En Schezuan Restaurant Corp., No. 15 CV 09507, 2020 WL 1819941, at *7 (S.D.N.Y. Apr. 9, 2020).

Based on a review of the record, the Court takes notice of the $400 filing fee in this district and respectfully recommends that plaintiffs be awarded $400 for that amount. Although the Court acknowledges that all 15 defendants were served, plaintiffs have provided no evidence that they paid $125 each for service, nor do the affidavits of service reflect this cost. (See ECF Nos. 9-23). Indeed, counsel has provided no invoices for any of the additional costs allegedly incurred. Lu Wan v. YWL USA Inc., 2021 WL 1905036, at *9 (stating that "fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs" (quoting Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020))); see Alonso v. New Day Top Trading, Inc., 2020 WL 9815184, at *26 (initially denying costs where plaintiffs failed to

19

attached supporting documentation for translator, transcript, and process server fees, among others); Sajvin v. Singh Farm Corp., 2018 WL 4214335, at *10 (awarding costs where counsel "has submitted an invoice detailing these expenses").

Given the absence of supporting documentation, the Court respectfully recommends that plaintiffs be awarded the $400 in filing fees but that the remainder of plaintiff's requested costs be denied without prejudice to renew if supported by the appropriate documentation.

## CONCLUSION

The Court respectfully recommends that plaintiffs' motion for attorney's fees be granted and plaintiffs awarded $67,665.55, consisting of $67,265.55 in fees and $400 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: June 7, 2022
      Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York